Harriette FARAGI, Plaintiff—
Appellant,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY; et al.,
Defendants—Appellees.

Barbara Wessman, Plaintiff—
Appellant,

v.

Provident Life and Accident Insurance
Company; et al., Defendants—
Appellees.

Nos. 04–55156, 04–55406.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Dec. 21, 2005.

Debra K. Butler, Esq., Glenn R. Kantor, Esq., Kantor & Kantor, LLP, Sherman Oaks, CA, for Plaintiff—Appellant.

Stephen H. Galton, Esq., Eduardo Brito, Esq., Galton & Helm, Los Angeles, CA, for Defendants—Appellees.

Before: WARDLAW and PAEZ, Circuit Judges, and SINGLETON,* District Judge.

## ORDER **

On October 14, 2005, the Court heard oral argument in the cases of *Wessman v. Provident Life Insurance Co.*, No. 04–55406, and *Faragi v. Provident Life Insurance Co.*, No. 04–55156. In each case the District Court upheld a denial of long-term disability benefits utilizing an abuse of discretion standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In each case Appellants argue for the first time on appeal that discretionary clauses in disability insurance policies (clauses that purport to give the insurer, as claims administrator, "sole and exclusive discretion" to determine eligibility for benefits or to construe the terms of the plan) are unconscionable and therefore unenforceable under California law. We take judicial notice of the recent decisions of the California Department of Insurance ("CDI") interpreting California Insurance Code § 10291.5 and withdrawing approval of policies containing such clauses.***

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*** Specifically, we grant the following motions seeking judicial notice:

(1) Appellants' request to take judicial notice of (a) the CDI's Letter Opinion issued February 26, 2004; (b) the CDI's Notice to Withdraw Approval issued February 27, 2004; (c) the CDI's letter to Judge William Alsup, United States District Court, dated March 24, 2004; and (d) the CDI's Response to Petitioners' Opening Briefs In the Matter of Withdrawal of Policy Form Ap-

We do not believe that the possible implications of the CDI's withdrawal of approval of discretionary policy terms should be addressed and resolved for the first time on appeal. We are concerned, however, that a failure to address the issue at all could result in a miscarriage of justice in these two cases. We therefore consolidate these two cases for the limited purpose of issuing this order, **VACATE** the judgments and **REMAND** to the respective District Courts to permit the parties the opportunity to develop the record and offer arguments regarding the viability of discretionary clauses under California insurance law and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* Should the District Courts conclude that the clauses granting discretion are invalid, they should reconsider the denial of benefits de novo.

**IT IS SO ORDERED.**

proval For: Unum Life Insurance Company of America et al., filed on June 25, 2004. (2) Appellants' second request to take judicial notice of (a) The Report of the Targeted Multistate Market Conduct Examination for Maine Bureau of Insurance, Massachusetts Division of Insurance, Tennessee Department of Commerce and Insurance and Forty–Nine Participating Jurisdictions of Unum Life Insurance Company of America, the Paul Revere Life Insurance Company and Provident Life and Accident Insurance Company, dated November 18, 2004. (3) Appellants' third request to take judicial notice, filed October 11, 2005, seeking notice of (a) Order Adopting Proposed Decision dated March 22, 2005; (b) Public Report of the Market Conduct Examination of the Claims Practices of the Unum Life Insurance Company of America, Provident Life and Accident Insurance Company, Paul

Revere Life Insurance Company as of June 30, 2003, reported to The Honorable John Garamendi, Insurance Commissioner, on September 23, 2005; (c) Accusation Before the Insurance Commissioner of the State of California, dated October 1, 2005; (d) California Settlement Agreement Before the Insurance Commissioner of the State of California and Exhibits A, B, and C thereto, dated October 3, 2005; (e) Letter from UnumProvident to The Honorable John Garamendi, Insurance Commissioner, responding to the Market Conduct Examination, dated October 3, 2005; and (f) In the Matter of Unum Life Insurance Company of America, Regulatory Settlement Agreement. (4) The CDI's request for judicial notice, filed November 1, 2005, seeking notice of the October 3, 2005, letter from CDI to All Licensed Disability Insurers.